AMANDA L. MYERS
Assistant United States Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, #300
Great Falls, MT 59401
Phone: (406) 771-2022
FAX:   (406) 453-9973
Email: Amanda.Myers@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

AUG 07 2025

Clerk, U.S. District Court
District of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. JENELL RENE LEO, TONY LYNN MARIANI, and KALEB EMANUEL FREYHOLTZ, Defendants. | CR 25-**95**-GF-BMM<br><br>**INDICTMENT**<br><br>CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE METHAMPHETAMINE (Count 1)<br>Title 21 U.S.C. §§ 846 and 841(b)(1)(B)<br>Title 21 U.S.C. § 851<br>(Penalty for Leo: Mandatory minimum 15 years to life imprisonment, a $20,000,000 fine, and at least 10 years of supervised release)<br>(Penalty for Mariani and Freyholtz: Mandatory minimum 10 years to life imprisonment, a $10,000,000 fine, and at least five years of supervised release) |
|---|---|

|   |   |
|---|---|
|   | **POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE** (Count 2)<br>Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)<br>Title 21 U.S.C. § 851<br>(<u>Penalty for Leo</u>: Mandatory minimum 15 years to life imprisonment, a $20,000,000 fine, and at least 10 years of supervised release)<br>(<u>Penalty for Mariani</u>: Mandatory minimum 10 years to life imprisonment, a $10,000,000 fine, and at least five years of supervised release)<br>(<u>Penalty for Freyholtz</u>: Mandatory minimum five to 40 years of imprisonment, a $5,000,000 fine, and at least four years of supervised release)<br><br>**CRIMINAL FORFEITURE**<br>21 U.S.C. §§ 853(a)(1) and (2)<br><br>**TITLE 21 PENALTIES MAY BE ENHANCED FOR PRIOR DRUG-RELATED FELONY CONVICTIONS** |

THE GRAND JURY CHARGES:

## COUNT 1

That beginning in or about October 2024, and continuing until in or about February 2025, at Havre, in Hill County, and in Blaine County, and within the exterior boundaries of the Rocky Boy's and Fort Belknap Indian Reservations, in the State and District of Montana, and elsewhere, the defendants, JENELL RENE LEO, TONY LYNN MARIANI, and KALEB EMANUEL FREYHOLTZ, knowingly and unlawfully conspired and agreed with each other, and with others both known and unknown to the Grand Jury, to possess with the intent to distribute,

in violation of 21 U.S.C. § 841(a)(1), 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

## COUNT 2

That on or about January 15, 2025, at Havre, in Hill County, in the State and District of Montana, the defendants, JENELL RENE LEO, TONY LYNN MARIANI, and KALEB EMANUEL FREYHOLTZ, knowingly and unlawfully possessed, with the intent to distribute, methamphetamine, a Schedule II controlled substance, in the amounts listed below, in violation of 21 U.S.C. § 841(a)(1).

The Grand Jury finds that defendants JENELL RENE LEO and TONY LYNN MARIANI knowingly possessed with intent to distribute 50 grams or more of actual methamphetamine.

The Grand Jury finds that defendant KALEB EMANUEL FREYHOLTZ knowingly possessed with intent to distribute five grams or more of actual methamphetamine.

## NOTICE PURSUANT TO 21 U.S.C. § 851

The Grand Jury finds that before the defendant, JENELL RENE LEO, committed the offenses charged in counts 1 and 2 in this indictment, defendant LEO had a final conviction in the Hill County District Court for a serious drug felony, namely, a conviction in *State v. Jenell Leo*, Case No. DC-21-2014-064, for criminal

distribution of dangerous drugs, in violation of Mont. Code Ann. § 45-9-101, for which she served more than 12 months of imprisonment, and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## FORFEITURE ALLEGATION

Upon conviction of either offense sent forth in counts 1 and 2 in this indictment, the defendants, JENELL RENE LEO, TONY LYNN MARIANI, and KALEB EMANUEL FREYHOLTZ, shall forfeit, pursuant to 21 U.S.C. §§ 853(a)(1) and (2): (1) any property constituting and derived from any proceeds obtained, directly and indirectly, as a result of the commission of said offense; and (2) any property used and intended to be used, in any manner and part, to commit, and facilitate the commission of, said offense.

A TRUE BILL.

Foreperson Signature Redacted Original Document Filed Under Seal

FOREPERSON

_/s/_
KURT G. ALME
United States Attorney

_/s/_
(Fos) CYNDEE L. PETERSON
Criminal Chief Assistant U.S. Attorney